ANNIE BREATON
v.
SWEN JOHNSON.

PRACTICE—SCIRE FACIAS.—Where no writ of error has actually been issued, a plaintiff in error has no right to the writ of *scire facias* until a transcript of the record is filed in the Appellate Court.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. Joseph Schlernitzauer, for plaintiff in error.

Mr. Elliott Anthony, for defendant in error.

Bailey, J.   In this case a motion is submitted by the defendant in error to quash the *scire facias*, and dismiss the suit.   No writ of error has been issued, and at the time the motion was interposed, no transcript of the record sought to be reviewed had been filed in this court.   It appears, however, that on the sixth day of April, instant, plaintiff in error filed with the clerk a *præcipe*, directing the issuance of a summons, and that the clerk, thereupon, in pursuance of such *præcipe*, as it may be presumed, issued a writ of *scire facias*, which, on the same day was served on the defendant in error.

Ordinarily, where a party seeks to bring a record into this court by writ of error, the practice is to sue out of the office of the clerk of this court a writ, directed to the clerk of the court bel   commanding him to certify to this court such record, and    filing in this court of a transcript of the record below constitutes a return to such writ.   By a practice established by the rules of the Supreme Court and of this court, a party, without having first actually sued out a writ of error, may in the first instance file in this court a transcript of the record below, and such transcript becomes, in effect, a return to a writ of error.   In one case the issuing of the writ of error, and in the other the filing in this court of the transcript of the record, is the commencement of the suit in this court.   Where no writ of error has been actually issued, the plaintiff has no right to the writ of *scire facias*, until the transcript of the record is filed here.

It follows that in this case the *scire facias* was improvidently issued and must be quashed, since at the time the motion was interposed no suit had been properly commenced in this court to review the record below, and, consequently, this court had no jurisdiction of the subject matter of such record, and so the motion to dismiss must be sustained.

Since the motion was submitted, a transcript of the record below has been filed by the plaintiff in error.   Such transcript

11

might possibly give this court jurisdiction from the time of such filing, but it is no answer to the motion to dismiss, which must be decided upon the state of the record as it stood at the time the motion was interposed.

Motion to quash writ of *scire facias*, and to dismiss suit, sustained.